UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

KATHLEEN A. KRISTIANSEN,       )
                               )
        Plaintiff              )
                               )
v.                             )    No. 2:18-cv-00420-JAW
                               )
TOWN OF KITTERY, et al.,       )
                               )
        Defendants             )

## RECOMMENDED DECISION ON MOTION TO DISMISS

Arguing that the plaintiff's claims pursuant to Sections 1983 and 1985 of the Civil Rights Act, 42 U.S.C. §§ 1983, 1985, are barred by the relevant statute of limitations or, in the alternative, fail to state a claim, defendants Town of Kittery and Kittery Police Department (together, the "Kittery defendants") move to dismiss the plaintiff's complaint. *See* Defendants Town of Kittery and Kittery Police Department's Motion To Dismiss ("Motion") (ECF No. 8).[1] On the showing made, I conclude that the Kittery defendants have demonstrated neither that the plaintiff's claims are time-barred, nor that her allegations are insufficient. However, I conclude that the Kittery Police Department is not a proper defendant. Consequently, I recommend the court grant the motion as to the Kittery Police Department and otherwise deny it.

### I. Applicable Legal Standards

Regarding motions to dismiss the Supreme Court has stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

---

[1] Five other defendants, all members of the Kittery Police Department at relevant times, apparently have yet to be served. *See generally* ECF Docket.

1

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal punctuation omitted). This standard requires the pleading of "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss under Rule 12(b)(6), a court assumes the truth of all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Román-Oliveras v. P.R. Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011). Ordinarily, in weighing a Rule 12(b)(6) motion, "a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). "There is, however, a narrow exception for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Id.* (citation and internal quotation marks omitted).

While a *pro se* plaintiff's complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard[,]" *Young v. Wells Fargo Bank, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013), it is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner,* 404 U.S. 519, 520 (1972). *But see Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of *pro se* plaintiffs "is not to say that *pro se* plaintiffs are not required to plead basic facts sufficient to state a claim").

## II. Factual Background

The complaint sets forth the following relevant factual allegations.[2] On April 25, 1977, when she was 13 years old, the plaintiff was raped by a 31-year-old man who was a resident of Kittery, Maine. Complaint for a Civil Suit ("Complaint") (ECF No. 1) at 5. Following the rape, the assailant continued to stalk and harass the plaintiff. *Id.* The defendant Ronald Avery, Youth Services Officer, Kittery Police Department, interviewed the assailant on March 24, 1978. *Id.* at 5-6. During that interview, the assailant admitted to engaging in a sexual relationship with the plaintiff. *Id.* Later that day, defendant Gary D. Finley, Lieutenant, Kittery Police Department, took a written confession from the assailant, which was also witnessed by defendant Edward F. Strong, then Sergeant and later Chief, Kittery Police Department. *Id.* at 6. The assailant's confession was not forwarded to the York County District Attorney. *Id.* The defendant Kittery Police Department, along with its employees, defendants Avery, Finley, and Strong, withheld the assailant's confession from the plaintiff until 2011. *Id.* The defendants failed to collect any testimonial evidence from her. *Id.* at 7.

Four days after securing the assailant's confession, the defendants orchestrated a "youth meeting," held by defendant Avery, during which the plaintiff had to confront her alleged rapist even though the defendants knew that he had confessed to having a criminal sexual relationship with her, and that he had a "temper," "behavioral problems," and a "criminal record." *Id.*

Following his release by the defendants, the alleged assailant continued to stalk the plaintiff. *Id.* at 8. In 2002, the plaintiff contacted the defendants, this time defendant Steve Hamel,

---

[2] The First Circuit has instructed that, in reviewing a complaint for sufficiency pursuant to Rule 12(b)(6), a court "should begin by identifying and disregarding statements in the complaint that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (citation and internal punctuation omitted). "Non-conclusory factual allegations in the complaint must then be treated as true, even if seemingly incredible." *Id.* "If that factual content, so taken, allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, the claim has facial plausibility." *Id.* (citation and internal quotation marks omitted).

Detective, Kittery Police Department, to report the 1977 rape again. *Id.* at 7. Defendant Hamel told the plaintiff that he would "look into the matter," but he did not respond to any of her attempts to contact him after that, until 2011. *Id.* at 7, 8. In the intervening years, the plaintiff was able to secure a state-court order of protection against the assailant. *Id.* at 8. In 2011, the plaintiff again contacted the Kittery Police Department, and defendant Hamel requested that she produce a written statement and make of video recording of her testimony. *Id.* Despite this additional evidence, defendant Hamel ignored it and sent only the previously-collected evidence from defendant Avery's 1978 investigation to the York County District Attorney. *Id.* The plaintiff alleges that defendant Hamel "put [her] through all the emotional turmoil of reliving the rape . . . and assured [her] it was a good case" only to withhold her testimony from the prosecutor. *Id.* at 8-9.

### III. Discussion

#### A. Statute of Limitations

The Kittery defendants argue that the plaintiff's Section 1983 and 1985 claims are time-barred. *See* Motion at 3-4. They argue that "[t]o the extent Plaintiff's claims are based on [the interview that occurred in March 1978], they are clearly barred by 14 M.R.S. § 752," which contains a six-year statute of limitations. *Id*. at 3. The Kittery defendants acknowledge that some of the plaintiff's allegations concern events in 2002 and 2011, but argue that those allegations, too, describe claims barred by Maine's statute of limitations. *See id.* at 3-4.

However, as the Kittery defendants note, the complaint reveals that the plaintiff did not know that she had claims against the defendants until long after the events allegedly occurred. *See id*. Anticipating an argument that the statute of limitations should therefore be tolled, the Kittery defendants argue that the discovery rule, articulated in *Randall v. Laconia, N.H.*, 679 F.3d 1 (1st Cir. 2012), fails to make the plaintiff's allegations timely. *See id.* The Kittery defendants argue

4

that, even if the discovery rule tolls the statute of limitations, the plaintiff knew or should have known of her claims more than six years before she filed her complaint. *See id.* In order to argue that the plaintiff knew of the facts that form the basis of her action by May 2011, the Kittery defendants rely on the plaintiff's allegation that the defendants "[w]ithheld the confession from me and my Parents until May 13, 2011." *Id.* (referencing Complaint at 6).

In general, the discovery rule "allows a claim to accrue when the litigant first knows *or with due diligence should know* facts that will form the basis for an action." *Randall*, 679 F.3d at 7 (citations and internal quotation marks omitted) (emphasis in original). Though the Kittery defendants argue that the plaintiff must have known the facts that form the basis of her action in May 2011, *see* Motion at 4, the defendants assume too much. For example, in her opposition to the defendants' motion, the plaintiff contends that she was unaware that her alleged stalker would not be prosecuted until March 2012. *See* Plaintiff's Reply to Defendants['] Motion To Dismiss ("Opposition") (ECF No. 9) at 6. While March 2012 is also more than six years before the plaintiff filed suit, it is not clear to me that the plaintiff was aware of her claim, or should have been, until January 2016, when she says she was told that Detective Hamel's actions prevented the York County District Attorney from prosecuting her alleged stalker. *See id.* Construing all well-pleaded facts and reasonable inferences in the complaint in favor of the *pro se* plaintiff, the Kittery defendants' contention that the plaintiff's claims are barred by the six-year statute of limitations falls short.

Absent a further showing, I do not find that the plaintiff's claims are time-barred.

### B. Failure To State a Claim

The Kittery defendants argue that, even if the plaintiff's claims are not barred by the applicable statute of limitations, they are inadequately pled. *See* Motion at 4-9; Defendants Town

5

of Kittery and Kittery Police Department's Reply Memorandum in Support of Motion To Dismiss ("Reply") (ECF No. 10) at 2-7.

### 1. Failure To Protect

First, the Kittery defendants argue that the plaintiff's "failure to protect" theory fails. *See* Motion at 5-6. The Kittery defendants cite *DeShaney v. Winnebago Cty.*, 489 U.S. 189 (1989), in which the Court rejected a similar "failure to protect" theory. *See id.* In *DeShaney*, the Court upheld the grant of summary judgment on a due process action against a county, the county's department of social services, and employees of the county's department of social services. *See DeShaney*, 489 U.S. at 193. The principal *DeShaney* plaintiff was a victim of child abuse who sought recovery against the defendants because they had failed to intervene even after numerous investigations revealed the signs of child abuse. *See id.* at 191-93. The Court upheld summary judgment, because "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *Id.* at 197.

However, *DeShaney* is a summary judgment case. *See id.* at 193. The burden on the movant is more exacting here, at the motion to dismiss stage. *See Román-Oliveras*, 655 F.3d at 45 ("In ruling on a motion to dismiss under Rule 12(b)(6), a court assumes the truth of all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff."); *see also Rios-Campbell v. U.S. Dep't of Commerce*, No. 18-1420, Slip op. at 7 (1st Cir. June 13, 2019) ("it is luminously clear that the root purpose of the [motion to dismiss] standard differs materially from the root purpose of the summary judgment standard."). The Court in *DeShaney* could speak with confidence about the nature of the relationship between the government and the plaintiff, as well as to when and how the harm occurred to the plaintiff, because it had the benefit of the parties' discovery. Because the Kittery defendants here are seeking to dismiss the plaintiff's

case prior to any discovery, I do not have the benefit of the parties' discovery to support the Kittery defendants' contentions and, to the contrary, must construe all well-pleaded allegations in favor of the plaintiff.

Additionally, *DeShaney* involved due process claims. *See DeShaney*, 489 U.S. at 193. Here, however, the plaintiff alleges an equal protection violation of the Fourteenth Amendment. *See* Complaint at 5-6.[3] The *DeShaney* Court, *in dicta*, notes that "[t]he State may not, of course, selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause." *DeShaney*, 489 U.S. at 197 n.3 (citing *Yick Wo v. Hopkins*, 118 U.S. 356 (1886)). While the Court in *Yick Wo* was evaluating race-based discrimination, the principle in *Yick Wo* extends to sex-based discrimination as well, as it would to any discrimination based on an immutable characteristic. *See Reed v. Reed*, 404 U.S. 71, 75-77 (1971) (extending the Equal Protection Clause of the Fourteenth Amendment to sex-based discrimination).

The Kittery defendants address equal protection in passing by arguing that the plaintiff has neither adequately pled her membership in a protected category, nor that the defendants were motivated by discriminatory purpose. *See* Motion at 6 (citing *Barrington Cove Ltd. P'ship v. Rhode Island Hous. & Mortg. Fin. Corp.*, 246 F.3d 1, 7 (1st Cir. 2001)). The Kittery defendants' argument amounts to a plaint that the plaintiff has not pled legal conclusions. Read liberally and in the light most favorable to the plaintiff, however, her allegations meet the standard of facial plausibility that allows me to draw reasonable inferences that the defendants are alleged to be liable for sex-based discrimination motivated by discriminatory purpose. *See* Complaint at 5-9.

---

[3] The Kittery defendants argue that the plaintiff's invocation of "negligence" in her opposition, *see* Opposition at 2-3, 5-8, dooms her due process claims, *see* Reply at 5-6. Setting aside that the plaintiff's claims sound in equal protection, a *pro se* plaintiff's use of the word "negligence" in opposition to a motion to dismiss does not convert her complaint to negligence claims when it contains allegations of intentional misconduct.

7

Moreover, the Kittery defendants ignore the plaintiff's allegations that law enforcement harassed her during the investigation. *See id.* at 5, 7-8. Far from being a case where the plaintiff is seeking to recover for harm done by a "private actor" as the *DeShaney* Court worried, *see DeShaney*, 489 U.S. at 195, discovery as to the plaintiff's allegations may prove that this is a case where harm done to the plaintiff flowed directly from the defendants.

### 2. Conspiracy

Next, the Kittery defendants argue that the plaintiff fails to plead conspiracy adequately. *See* Motion at 7. They note that two theories of conspiracy are available to the plaintiff under Section 1985. *See id.* On the one hand, the Kittery defendants offer that Section 1985(2) covers "conspiracies to interfere with justice in the state courts with intent to deny to any citizen the equal protection of the laws." *Id.* (citing *Knowlton v. Shaw*, 704 F.3d 1, 11 (1st Cir. 2013)) (internal quotation marks omitted).[4] They argue that pleading under Section 1985(2) requires the plaintiff to allege "class-based, invidiously discriminatory animus." Motion at 7; Reply at 6.[5] On the other hand, Section 1985(3), in pertinent part, prohibits conspiracy designed to "depriv[e] . . . any person or class of persons of the equal protection of the laws." *Pérez-Sánchez v. Pub. Bldg. Auth.*, 531 F.3d 104, 107 (1st Cir. 2008). The Kittery defendants argue that pleading under Section 1985(3) requires, in part, the plaintiff "to allege a deprivation of a constitutionally protected right" and "a

---

[4] The Kittery defendants misread *Knowlton*. There are two parts to Section 1985(2), as the district court made clear below. *See Knowlton v. Shaw*, 708 F. Supp. 2d 69, 86 (D. Me. 2010). While the first part of Section 1985(2) proscribes conspiracy as to the courts, the second part pertains to a broader "due course of justice." *Id.*

[5] The Kittery defendants also cite *Snyder v. Gaudet*, 756 F.3d 30, 34 (1st Cir. 2014), for the inapposite contention that "'[i]n a class of one equal protection claim, proof of a similarly situated, but differently treated, comparator is essential.'" Reply at 6-7 (quoting *Snyder*, 756 F.3d at 34). *Snyder*, however, involved a plaintiff who contended that "the government singled him out for differential treatment for reasons unique to him, rather than because of his membership in any group," which made his equal protection claim a unique "class of one variety." *Snyder*, 756 F.3d at 34 (internal quotation marks omitted). That is not the case here. Additionally, *Snyder*, too, is a summary judgment case. *See id.* at 32.

conspiratorial purpose to deprive her of her civil rights," which they allege the plaintiff has not done.[6] Motion at 7 (citing *LeBaron v. Spencer*, 527 F. App'x 25, 33 (1st Cir. 2013)).

As discussed above, I find that the plaintiff has alleged both "class-based, invidiously discriminatory animus" and the "deprivation of a constitutionally protected right." Turning to the plaintiff's allegations of conspiratorial purpose, the plaintiff's conspiracy theory flows from her allegations that all of the defendants (1) "denied me of my rights," (2) "withheld the confession from me and my parents," (3) orchestrated a meeting between her and her alleged rapist, (4) failed initially to collect any evidence from her, and (5) her other explicit charges of conspiracy. Complaint at 6-7, 9. While one could conclude from these allegations that the defendants had no conspiratorial purpose and that any "orchestration" was merely by chance, it is an equally plausible inference that the defendants had a conspiratorial purpose. Thus, the *Ashcroft* standard of "facial plausibility" is met. 556 U.S. at 678.

### 3. Town of Kittery

Next, the Kittery defendants argue that the plaintiff fails to plead a claim against the Town of Kittery. *See* Motion at 8. They argue that the Town of Kittery cannot be liable under a vicarious liability theory, citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989), nor merely "because it employs a tortfeasor." *Id*. (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Specifically, the Kittery defendants argue that the complaint lacks "allegations that the challenged actions were representative of an official policy or custom of the institution or final policy maker." *Id*. (citing *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 4, 26 (1st Cir. 2005)).[7]

---

[6] The Kittery defendants list four elements of a conspiracy claim under Section 1985(3), but they challenge the plaintiff's pleading only as to two of the elements. *See* Motion at 7.
[7] I note that none of the cases cited by the Kittery defendants pertain to adequate pleading because their dispositions are either on summary judgment (*Monell* and *Young*) or post-trial (*Harris*). *See Monell,* 436 U.S. at 661; *Young,* 404 U.S. at 9; *Harris*, 489 U.S. at 381.

9

Again, the Kittery defendants argue, in essence, that the plaintiff's allegations are inadequate because they do not plead legal conclusions. While the plaintiff does not use the words "policy" or "custom," her inclusion of the Town of Kittery and the Kittery Police Department as actors in (1) the meeting between her and her alleged rapist, *see* Complaint at 7, (2) her failed reporting attempts, *see id.* at 7-8, and (3) the failure to initially collect any evidence from her, *see id.* at 7, meets the facial plausibility standard permitting the reasonable inference that the individual defendants acted in accordance with an official policy or custom. *See Young*, 404 F.3d at 25-26.

The Kittery defendants' argument on this basis, thus, also proves insufficient.

### 4. Kittery Police Department

Lastly, the Kittery defendants argue that the Kittery Police Department should be dismissed from this case as a defendant because it is not a separate entity from the Town of Kittery. *See* Motion at 8-9. Here, I agree and, therefore, recommend that the court dismiss the Kittery Police Department. *See Cronin v. Town of Amesbury,* 895 F. Supp. 375, 383 (D. Mass. 1995), *aff'd*, 81 F.3d 257 (1st Cir. 1996); *see also, e.g., Post v. City of Fort Lauderdale,* 750 F. Supp. 1131, 1132-33 (S.D. Fla.1990) (dismissing a Section 1983 suit against a police department on the ground that it was an integral part of city and lacked a legal identity apart from the city).

### IV. Conclusion

For the foregoing reasons, I recommend that the court **GRANT** the Kittery defendants' motion to dismiss as to the Kittery Police Department and otherwise **DENY** it.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum,*

*within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 26th day of June, 2019.

<u>/s/ John H. Rich III</u>
John H. Rich III
United States Magistrate Judge
