UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| KATHLEEN A. KRISTIANSEN,<br><br>   Plaintiff<br><br>v.<br><br>TOWN OF KITTERY,<br>RONALD AVERY,<br>GARY D. FINLEY,<br>EDWARD F. STRONG,<br>ROBERT S. HUNDLEY, and<br>STEVE HAMEL,<br><br>   Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 2:18-cv-00420-JAW<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS AVERY, FINLEY, STRONG, HUNDLEY, AND HAMEL'S
ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COME DEFENDANTS Ronald Avery, Gary Finley, Edward Strong, Robert Hundley, and Steven Hamel and answer Plaintiff's Complaint as follows:

**I. PARTIES**

No response is required as no factual allegations are contained in this paragraph of the Complaint.

**II. BASIS OF JURISDICTION**

1. The allegations contained in paragraph 1 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

2. The allegations contained in paragraph 2 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

3. The allegations contained in paragraph 3 of the complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Defendants deny the allegations.

### III. STATEMENT OF CLAIMS

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences in the Statement of Claims Section of the Complaint and therefore deny the same.

Defendants deny the third sentence in the Statement of Claims Section of the Complaint.

Defendants admit that Ronald Avery had a brief discussion with Glenn Erlandson on March 24, 1978, as referenced in the fourth sentence in the Statement of Claims Section of the Complaint, but deny that Erlandson admitted having sex with Plaintiff when she was 13 years old.

Defendants admit that Gary Finley signed as a witness to the execution of a written statement by Glenn Erlandson on March 24, 1978, as referenced in the fifth sentence of the Statement of Claims Section of the Complaint but deny the remainder of this sentence. Defendants deny the sixth sentence in the Statement of Claims Section of the Complaint. Defendants deny the seventh sentence in the Statement of Claims Section of the Complaint. Defendants deny the eighth sentence in the Statement of Claims Section of the Complaint. Defendants admit that Kittery police did not arrest Glenn Erlandson on March 24, 1978, but deny that Glenn Erlandson ever confessed to having sex with Plaintiff when she was under the age of consent as referenced in the ninth sentence in the Statement of Claims Section of the Complaint. Defendants deny the tenth, eleventh and twelfth sentences in the Statement of Claims Section of the Complaint.

Defendants deny the first, second and third subparagraphs in the thirteenth sentence of the Statement of Claims Section of the Complaint.

Subparagraph 4 at the top of page 7 of the Complaint

Defendants admit that Officer Avery was present at an April 3, 1978 meeting at the Portsmouth police station organized by Portsmouth Police Department Youth Aide Mary Larin that included Plaintiff, her parents, Glenn Erlandson, and Ms. Larin, and that Plaintiff was 14 years old on that date, but deny the rest of the first sentence in subparagraph 4 of the thirteenth paragraph in the Statement of Claims Section of the Complaint.  Defendants admit that Plaintiff's parents were present but deny the rest of the second sentence in subparagraph 4 of the thirteenth paragraph in the Statement of Claims Section of the Complaint.  Defendants deny the third, fourth, fifth and sixth sentences in subparagraph 4 of the thirteenth paragraph in the Statement of Claims Section of the Complaint.

Subparagraph 5 on page 7 of the Complaint

Defendants deny the first and second sentences in subparagraph 5 of the thirteenth paragraph in the Statement of Claims Section of the Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence in subparagraph 5 of the thirteenth paragraph in the Statement of Claims Section of the Complaint and therefore deny the same.

New paragraphs following numbered sub-paragraph 5 on page 7 of Complaint

Defendants deny the truth of the allegations in the first and second sentences of the first paragraph.

Defendants deny the truth of the allegations in the first and second sentences of the second paragraph.

New Paragraph at top of page 8 of the Complaint

      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this entire paragraph of the Statement of Claims Section of the Complaint and therefore deny same.

Second Paragraph beginning in the middle of page 8 of the Complaint

      Defendants admit that Detective Sergeant Steven Hamel was contacted by Portsmouth Police Department Detective Kristyn Bernier in March, 2011 about Plaintiff's claims but deny the remaining allegations contained in the first sentence of this paragraph of the Complaint. Defendants admit they are aware of an audio recording apparently made at the Portsmouth police station on May 11, 2011 in which Plaintiff was primarily questioned by Detective Bernier, but deny the remainder of the second sentence of this paragraph of the Complaint.  Defendants deny the third sentence of this paragraph of the Complaint.  Defendants deny the fourth sentence of this paragraph of the Complaint.  With regard to the fifth sentence of this paragraph of the Complaint, Defendants admit that Detective Sergeant Hamel's entire case file was to be provided to the York County District Attorney's Office, and that it was provided to that office,  With regard to the sixth sentence of this paragraph of the Complaint, Defendants admit the Detective Sergeaant Hamel retrieved Officer Avery's investigative file from storage as part of his 2011 investigation, but deny that this was done "instead" of providing the rest of his case file to the District Attorney.  Defendants deny the truth of the allegations of the seventh sentence in this paragraph of the Complain, denying both that Detective Sergeant Hamel only turned over Officer Avery's file to the District Attorney and that Detective Sergeant Hamel's report in July, 2011 says that he only turned over that file, as alleged.  Defendants deny the remaining allegations contained in this paragraph of the Statement of Claims Section of the Complaint.

New Paragraph at top of page 9 of the Complaint

The allegations contained in the first and second sentences of the first paragraph on page 9 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Defendants deny the allegations.  Defendants deny the allegations contained in the last sentence of the first paragraph on page 9 of the Complaint.

Defendants deny the allegations contained in the first and second sentences of the second paragraph on page 9 of the Complaint.

WHEREFORE, Defendants respectfully requests that Plaintiff's Complaint be dismissed and that they be awarded their costs of suit and such other relief as the Court deems just and appropriate.

## **JURY DEMAND**

Defendants hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's Complaint is barred by the statute of limitations.

3. Plaintiff has failed to mitigate her damages.

4. No clearly established rights of Plaintiff were violated by Defendants.

5. Decisions regarding prosecution of alleged criminal conduct were made by the District Attorney's office and/or Plaintiff, her parents, and Glenn Erlandson, and not by Defendants.

6. Plaintiff's alleged damages were not caused by any intentional conduct by Defendants.

7. Plaintiff's claims are barred, in whole or in part, because the conduct of Defendants was privileged.

8. Plaintiff's claims are barred by the doctrine of waiver, estoppel, and accord and satisfaction as a result of the agreement reached at the meeting on April 3, 1978 at the Portsmouth police station involving Plaintiff, her parents, and Glenn Erlandson, at which Kittery Police Officer Steve Avery, Portsmouth Police Youth Aide Mary Levin, and possibly Portsmouth PD Chief of Detectives William Mortimer, were also present.

9. Plaintiff's claims are barred by Defendants' right to absolute and/or qualified immunity.

10. No decisions or actions by Defendants were motivated by Plaintiff's gender.

11. Police officers employed by Defendant Town of Kittery never obtained a "confession" from Glenn Erlandson in which he admitted having sex with Plaintiff when she was under the age of consent (14), physically compelling her to have sex, providing her intoxicants so she could not physically resist his sexual advances, or "raping Plaintiff when she was 13 years old."

12. There was no concerted action over a period of decades by Defendants intended to deny Plaintiff of her rights, as alleged.

13. Defendants had no special relationship with Plaintiff, a non-Maine resident, that would impose a legal duty to protect her on officers of the Kittery Police Department, including protecting her from conduct occurring in other jurisdictions.

14. Defendants are not legally responsible for the alleged stalking or harassing conduct of Glenn Erlandson toward Plaintiff, including conduct that allegedly occurred in other jurisdictions.

15. Any contact between Plaintiff and Defendants that happened after the April 3, 1978 meeting organized by Portsmouth Police Department Youth Aid Mary Larin, in which Plaintiff declined to accuse Erlandson of raping her, occurred after the applicable statute of

limitations for bringing criminal charges against Erlandson for alleged conduct that occurred in 1977 had expired.

16.     Plaintiff has been aware since at least January, 2003 that the statute of limitations for prosecuting Erlandson for alleged conduct committed in 1977 had expired.

17.     Plaintiff's report to Portsmouth and Kittery police in March, 1978 accused Glenn Erlandson of having sex with her in August or September, 1977, at a time when she was 14 years of age, and did not accuse him of having sex with her when she was 13 years old, as she alleged years later and now alleges in her Complaint.

18.     Defendant Strong did not begin his employment with the Town of Kittery until November, 1978, and therefore could not have been a Kittery Police Department witness to the execution of a written statement by Glenn Erlandson on March 24, 1978, or been involved in the meeting at the Portsmouth police station in April, 1978, as alleged.

19.     Defendant Hamel had no interaction with Plaintiff in 2002 regarding Plaintiff's rape allegations against Glenn Erlandson, and only became aware of these allegations in March, 2011 when they were communicated to him by Portsmouth Police Department Detective Kristyn Bernier.

20.     The Kittery Police Department had no open and ongoing investigation of Plaintiff's allegations against Glenn Erlandson at any point between 2002 and 2011, nor did Defendant Hamel tell Plaintiff that there was any such ongoing investigation in 2011.

21.     Even if Plaintiff had contacted the Kittery Police Department in October, 2002 to again report the alleged rape by Glenn Erlandson in 1977, which Defendants deny, the applicable statute of limitations to charge Erlandson was already expired by the date of such alleged contact.

22.    Plaintiff knew at the conclusion of the April 3, 1978 meeting at the Portsmouth police station that Glenn Erlandson was not being criminally charged for allegedly raping her, after she declined to accuse him of doing so at that time.

23.    The April 3, 1978 meeting at the Portsmouth police station, in which Plaintiff was in the same room as Glenn Erlandson, was convened and arranged by the Portsmouth Police Department, specifically Police Youth Aide Mary Larin, and not by Defendant Avery.

24.    Following Plaintiff's interview by Portsmouth Police Department Detective Kristyn Bernier and Defendant Hamel on May 11, 2011, Defendant Hamel provided York County ADA Thad West all the materials he had received from Detective Bernier, including all Plaintiff's handwritten statements and a copy of the audio recording of Plaintiff's interview, as well as the 1978 file of Defendant Avery, for consideration by ADA West of a possible criminal prosecution of Glenn Erlandson.  And both Defendant Hamel and Detective Bernier had multiple follow up communications with ADA West regarding the status of this matter over the nearly year-long period it took ADA West to decide not to bring criminal charges against Erlandson.

Dated at Portland, Maine this 26th day of August, 2019.

*/s/ Edward R. Benjamin, Jr*.
Edward R. Benjamin, Jr., Esq.
Kasia S. Park, Esq.

Drummond Woodsum & MacMahon
84 Marginal Way, Suite 600
Portland, ME
(207) 772-1941
ebenjamin@dwmlaw.com
kpark@dwmlaw.com
*Attorneys for Defendants*
*Avery, Findley, Strong,*
*Hundley and Hamel*

8

## CERTIFICATE OF SERVICE

I, Edward R. Benjamin, Jr., hereby certify that on August 26, 2019, I electronically filed the foregoing Defendants Avery, Findley, Strong, Hundley and Hamels' Answer to Complaint and Demand for Jury Trial with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to all parties of record. A copy of the foregoing has also been sent to Plaintiff via U.S. Mail at:

>   Kathleen A. Kristiansen
>   105 Ledgewood Drive  #9
>   Portsmouth, NH 03801

>   */s/ Edward R. Benjamin, Jr.*
>   Edward R. Benjamin, Jr., Esq.
>
>   *Attorney for Defendant*
>   *Town of Kittery*
>
>   Drummond Woodsum
>   84 Marginal Way, Suite 600
>   Portland, ME
>   (207) 772-1941
>   ebenjamin@dwmlaw.com